**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-4134

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

SHAPAT AHDAWAN NABAYA, a/k/a Norman Abbott,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:17-cr-00003-MHL-1)

Submitted:  February 28, 2019                    Decided:  March 22, 2019

Before GREGORY, Chief Judge, and DUNCAN and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

Alex F. Kochanowski, Cincinnati, Ohio, for Appellant.  G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Gabrielle M. Michalak, Assistant United States Attorney, Jessica D. Aber, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Shapat Ahdawan Nabaya was convicted following a jury trial of retaliating against a federal officer by false claim, 18 U.S.C. § 1521 (2012), and false statement in bankruptcy, 18 U.S.C. § 152(3) (2012). The district court imposed an upward variance sentence of 71 months' imprisonment on the § 1521 offense and 60 months on the § 152 offense, to run concurrently. We affirm.

The Government presented evidence that Nabaya had failed to pay income taxes as early as 2007. In 2012, in order to collect on the overdue tax liability, the Internal Revenue Service notified Nabaya of its intent to levy on his pension. After receiving no response to this notice, in January 2013, the IRS levied on Nabaya's pension. Revenue Officer Wally Stark issued to Nabaya a notice of intent to levy. Nabaya thereafter contacted Stark, who reduced the amount of the monthly garnishment and attempted to work with Nabaya to develop a payment schedule.

Nabaya began hand delivering and mailing letters to Stark "at least weekly" threatening to sue him and other government employees and asserting that the IRS had no rights against him. In one of these letters, Nabaya threatened to hang Stark and stated that he "had enough rope to hang every employee at the IRS as well." These letters continued from the date of the release of the levy in April 2013 until Stark retired in July 2016. Nabaya filed numerous lawsuits against Stark personally, alleging that Stark wrongfully levied on his pension. He also challenged the levy in tax court. All these lawsuits were dismissed as meritless, and the District Court for the Eastern District of

2

Virginia enjoined Nabaya from filing future lawsuits in federal court against federal employees challenging the levy.

In May 2013, Nabaya filed a mechanic's lien against the real and personal property of Wally Stark, representing that Stark owed Nabaya $6,564 for having unlawfully restrained Nabaya's pension. The filing of this lien and Nabaya's numerous lawsuits against Stark form the basis for the charge of retaliation against a federal officer by filing a false claim. On August 17, 2016, Nabaya filed an involuntary bankruptcy petition against Stark in the bankruptcy court for the Eastern District of Virginia. He alleged, under penalty of perjury, that Stark owed him $50,000 for a personal injury based on Stark having improperly and illegally levied his pension. The bankruptcy court dismissed the bankruptcy case on September 22, 2016. The filing of this petition is the basis for the charge that Nabaya filed a false statement in bankruptcy.

Nabaya elected to represent himself and he presented numerous motions to the court, which the court determined were meritless and often nonsensical. The court thereafter ordered a psychological evaluation to determine whether Nabaya was competent to stand trial. *See* 18 U.S.C. § 4241(a) (2012). The doctor who conducted this evaluation concluded that Nabaya was capable of forming a rational understanding of the court proceedings and had the ability to recognize the danger of self-representation. Based on this report, the district court did not abuse its discretion in finding Nabaya competent. *See United States v. Moussaoui*, 591 F.3d 263, 291 (4th Cir. 2010).

Nabaya contends that the district court erred by not ordering additional competency testing when he persisted in presenting arguments that the court had rejected

3

as nonsensical and meritless. However, because Nabaya's behavior and arguments did not change from the time of the psychological evaluation through the end of the criminal proceedings, the district court did not abuse its discretion by failing to require additional competency evaluations. *See id*. The district court had the opportunity to observe Nabaya's conduct throughout the trial, which remained consistent with the psychologist's opinion that Nabaya was "intentionally choosing non-traditional defense strategies." Also, Nabaya was intelligent, communicative, read case law, and was able to weigh and apply abstract ideas. The fact that Nabaya persisted in his erroneous arguments does not compel the conclusion that he was legally incompetent to stand trial. *See United States v. Jonassen*, 759 F.3d 653, 660 (7th Cir. 2014) ("adherence to bizarre legal theories, whether they are sincerely held or advanced only to annoy the other side, does not imply mental instability or concrete intellect so deficient that trial is impossible") (internal quotations and citation omitted). We conclude that the district court was within its discretion in declining to order further competency testing of Nabaya. *See United States v. Banks*, 482 F.3d 733, 743 (4th Cir. 2007) (holding that district court is in "superior position to adjudge the presence of indicia of incompetency"); *United States v. West*, 877 F.2d 281, 285 n.1 (4th Cir. 1989) (finding no abuse of discretion where district court denied motion for competency determination where the district court had "observed and talked with [the defendant] at numerous prior hearings, [and] found no reasonable cause to believe he was unfit to stand trial").

Counsel also questions whether the district court erred by permitting Nabaya to represent himself. The right to self-representation "must be preserved even if the court

4

believes that the defendant will benefit from the advice of counsel." *United States v. Singleton*, 107 F.3d 1091, 1095-96 (4th Cir. 1997). "An assertion of the right of self-representation . . . must be (1) clear and unequivocal; (2) knowing, intelligent and voluntary; and (3) timely." *United States v. Frazier-El*, 204 F.3d 553, 558 (4th Cir. 2000). Our review of the record leads us to conclude that Nabaya's request to represent himself was clear, unequivocal, and adamant. *See Fields v. Murray*, 49 F.3d 1024, 1029 (4th Cir. 1995) (recognizing that court evaluating request for self-representation "must traverse a thin line" between violating defendant's right to representation and improperly denying right to self-representation, and therefore requiring waiver of right to counsel to be clear and unequivocal) (internal quotation marks and alteration omitted). The district court advised Nabaya numerous times that it was not in his best interest to proceed pro se. However, Nabaya unequivocally stated, "I'm going to represent myself. I don't want counsel." We find no error by the district court in determining that Nabaya's decision to proceed pro se was knowing and voluntary. *See Faretta v. California*, 422 U.S. 806, 835 (1975) (requiring right to self-representation to be honored if voluntary and "made with eyes open") (internal quotation marks omitted). Moreover, the court provided standby counsel for Nabaya, although this safeguard is not constitutionally required. *See United States v. Beckton*, 740 F.3d 303, 307 (4th Cir. 2014). To the extent that Nabaya challenges the hybrid representation that resulted from the appointment of standby counsel, the district court acted well within its discretion in providing standby counsel. *See United States v. Lawrence*, 161 F.3d 250, 253 (4th Cir. 1998) (holding that district court has broad discretion as to parameters of standby counsel's role). Moreover, Nabaya

5

made frequent use of standby counsel, seeking advice during his opening statement, cross-examination of witnesses, closing argument, and at sentencing.

Nabaya challenges the constitutionality of 18 U.S.C. § 1521, which proscribes the filing of a false lien or encumbrance against the real or personal property of any officer or employee of the United States as retaliation for their performance of official duties. The filing of a such a lien subjects the actor to criminal liability if the actor "know[s] or ha[s] reason to know that such lien . . . is false." 18 U.S.C. § 1521. The First Amendment does not preclude liability for false statements that involve "legally cognizable harm associated with [the] false statement." *United States v. Alvarez*, 567 U.S. 709, 719 (2012) (plurality opinion). "[F]alse statements are not immunized by the First Amendment right to freedom of speech." *Bill Johnson's Restaurants, Inc. v. NLRB*, 461 U.S. 731, 743 (1983). Thus, § 1521 does not amount to an unconstitutional restriction on content.

Nabaya also contends that the statute is overbroad and punishes legal claims made in error. A statute is overbroad under the First Amendment if it "prohibits a substantial amount of protected speech." *United States v. Williams*, 553 U.S. 285, 292 (2008). However, false statements are not protected speech. *Bill Johnson's Restaurants*, 461 U.S. at 743. We conclude that Nabaya has failed to meet his burden of showing that the statute is overly broad. *See Nat'l Endowment for the Arts v. Finley*, 524 U.S. 569, 580 (1998).

Nabaya next argues that the district court erred by admitting evidence of Nabaya's prior lawsuits against Stark. He argues that the prior lawsuits were "filed in good-faith [and] reflected a lack of understanding of the law," and "[t]he only purpose of

6

introducing the prior lawsuits was to taint the jury against the Appellant, ensuring that the jury would view the Appellant as a 'bad guy' and convict based upon said opinions."

A district court should exclude relevant evidence when "its probative value is 'substantially outweighed' by the potential for undue prejudice, confusion, delay or redundancy." *United States v. Queen*, 132 F.3d 991, 994 (4th Cir. 1997) (quoting Fed. R. Evid. 403). "Prejudice, as used in Rule 403, refers to evidence that has an undue tendency to suggest decision on an improper basis, commonly, though not necessarily, an emotional one." *Id.* (internal quotation marks omitted). This court applies "a highly deferential standard of review to such an issue, and a trial court's decision to admit evidence over a Rule 403 objection will not be overturned except under the most extraordinary circumstances, where that discretion has been plainly abused." *United States v. Hassan*, 742 F.3d 104, 132 (4th Cir. 2014) (internal quotation marks omitted).

To convict Nabaya for retaliation against a federal officer by false claim, the Government had to prove that Nabaya filed a false claim against a federal officer "knowing or having reason to know, that such lien is false." 18 U.S.C. § 1521. And, to prove a violation of 18 U.S.C. § 152(3), the Government had to prove that Nabaya made a false statement in bankruptcy "knowingly and fraudulently." *Id.* The district court appropriately ruled that evidence of the filing of prior lawsuits and the dismissal of those lawsuits as meritless and frivolous was relevant to show the Nabaya knew or had reason to know that the claims were false. The court appropriately limited the evidence to minimize the danger of prejudice to Nabaya. We conclude that this ruling did not amount to an abuse of the district court's broad discretion. *See Hassan*, 742 F.3d at 132.

7

Nabaya also challenges the denial of his motion for judgment of acquittal. We review the district court's decision de novo, *United States v. White*, 810 F.3d 212, 228 (4th Cir. 2016), considering "whether, viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Id.* (emphasis and internal quotation marks omitted). "A defendant challenging on appeal the sufficiency of the evidence bears a heavy burden." *United States v. Hamilton*, 699 F.3d 356, 361 (4th Cir. 2012) (internal quotation marks omitted). "A conviction will be reversed for insufficient evidence only in the rare case when the prosecution's failure is clear." *Id.* at 361-62 (internal quotation marks omitted).

> A conviction may be obtained under § 1521, when the defendant
>
> files, attempts to file, or conspires to file, in any public record or in any private record which is generally available to the public, any false lien or encumbrance against the real or personal property of an individual described in section 1114, on account of the performance of official duties by that individual, knowing or having reason to know that such lien or encumbrance is false or contains any materially false, fictitious, or fraudulent statement or representation.

18 U.S.C. § 1521. Nabaya contends that the evidence was insufficient to show that he knew or had reasons to know that the lien was false and asserts that he believed that Stark had committed theft by levying funds from Nabaya's pension.

Similarly, to obtain a conviction under 18 U.S.C. § 152(3), the Government had to prove that Nabaya "knowingly and fraudulently ma[de] a false declaration, certificate, verification, or statement under penalty of perjury . . . in or in relation to any case under title 11." 18 U.S.C. § 152(3). Here, the Government produced evidence that Nabaya

8

filed an involuntary bankruptcy petition against Stark, claiming a debt of $50,000 for personal injury and claiming that Stark stole funds from his pension. The Government also presented evidence that Nabaya had filed lawsuits against Stark challenging the validity of the levy and these actions were dismissed as meritless, thus presenting an inference that Nabaya knew that his challenge to the levy was false.

Although Nabaya asserts that he believed his claim against Stark was valid, he offered no evidence of this fact. In fact, Nabaya expressly declined to offer evidence or testimony. Thus, the only evidence before the jury was the testimony presented by the Government. We have reviewed the record and conclude that the evidence was sufficient for the jury to find that Nabaya knew or had reason to know that the mechanic's lien he filed against Stark was false, 18 U.S.C. § 1521, and that he filed a false statement in bankruptcy "knowingly and fraudulently," 18 U.S.C. § 152(3). Accordingly, the district court did not err in denying Nabaya's motion for judgment of acquittal.

The final issue raised in Nabaya's appeal brief is a challenge to the district court's imposition of an upward variance sentence. Nabaya's advisory Guidelines range was 33 to 41 months. The district court imposed an upward variance sentence after finding that Nabaya engaged in a pattern of threatening communication to the same victim and other threats. Nabaya maintains that he was not victimizing Stark, but rather acting in a good faith belief that he was pursuing his rights. He also asserts that there was no evidence of actual threats of physical or financial harm to Stark.

This court "'review[s] all sentences—whether inside, just outside, or significantly outside the Guidelines range—under a deferential abuse-of-discretion standard.'" *United*

9

*States v. Blue*, 877 F.3d 513, 517 (4th Cir. 2017) (quoting *Gall v. United States*, 552 U.S. 38, 41 (2007)). We "must defer to the district court and affirm a reasonable sentence, even if we would have imposed something different." *United States v. Bolton*, 858 F.3d 905, 915 (4th Cir. 2017) (internal quotation marks omitted). "When reviewing a departure, [this court] consider[s] whether the sentencing court acted reasonably both with respect to its decision to impose such a sentence and with respect to the extent of the divergence from the sentencing range." *United States v. Howard*, 773 F.3d 519, 529 (4th Cir. 2014) (internal quotation marks omitted). We find no abuse of discretion by the district court in imposing an upward variance sentence. The district court properly calculated the appropriate advisory Guidelines range and gave the parties an opportunity to argue for an appropriate sentence. The court then applied the sentencing factors and thoroughly explained its reasons for departing upward from the Guidelines range. We find no abuse of discretion in the imposition of a 71-month upward variance sentence in this case.

Nabaya seeks leave to file a pro se supplemental brief and to exceed the page lengths for such a brief. We grant his motion for leave to file an oversize brief. Nabaya includes in his brief copies of his motions filed in the district court asserting that (1) the criminal case should be dismissed because the prosecutors did not provide copies of their oaths of office demonstrating that they were authorized to represent the United States; (2) his prosecution was in violation of the First Amendment, and citing 26 U.S.C. §§ 6103(g)(4)(A), 7345(c) (2012); (3) his right to a speedy trial was violated; (4) he was subjected to racial discrimination and fraud, and the misuse of federal funds; (5) his

10

rights under *Brady v. Maryland*, 373 U.S. 83 (1963) were violated because he never received a copy of the statement of the offense filed by the injured party; and (6) the district court lacked subject matter jurisdiction over the prosecution and lacked personal jurisdiction over him. He also sought an injunction, asserting that no complaint, affidavit, court order, or statement of offense was filed against him and he is not guilty of any offense. We have reviewed the record and conclude that the district court appropriately denied Nabaya's motions in which he raised these arguments in the district court. We note that Nabaya was charged in a superseding indictment, which he acknowledged receiving and reviewing, and the district court read the entirety of the superseding indictment to Nabaya during his arraignment. Additionally, Nabaya's claims of discrimination are unfounded and unsupported in the record. Thus, although we grant Nabaya's motion for leave to file a pro se brief, we find no merit to the arguments raised therein.

We deny Nabaya's pro se motions and we affirm Nabaya's convictions and sentence. We deny without prejudice counsel's motion to withdraw. This court requires that counsel inform Nabaya, in writing, of the right to petition the Supreme Court of the United States for further review. If Nabaya requests that a petition be filed, but counsel believes that such a petition would be frivolous, then counsel may move in this court for leave to withdraw from representation. Counsel's motion must state that a copy thereof was served on Nabaya. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before this court and argument would not aid the decisional process.

11

*AFFIRMED*